**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-22-277-D |
| | ) (No. CIV-26-523-D) |
| CHRISTOPHER LEWIS LACY, | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 105] and brief in support [Doc. No. 106]. The government filed a response [Doc. No. 108]. Defendant did not file a reply. The matter is fully briefed and at issue.

On June 5, 2024, Defendant pled guilty to possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). On January 6, 2025, the Court sentenced Defendant to 80 months of incarceration. [Doc. Nos. 101, 102]. Defendant did not appeal his judgment or sentence.

On March 16, 2026, Defendant filed the present Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. Nos. 105, 106]. In the government's response, the government contends that Defendant's § 2255 motion is untimely.

Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) The date on which the judgment of conviction becomes final;

1

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Pursuant to FED. R. APP. P. 4(b)(1), "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days" of "the entry of either the judgment or the order being appealed." FED. R. APP. P. 4(b)(1)(A)(i). Since Defendant did not file a direct criminal appeal in this case, Defendant's judgment of conviction became final on January 20, 2025, and the one-year limitations period expired on January 20, 2026. Defendant's § 2255 motion was not filed until March 16, 2026. [Doc. Nos. 105, 106].

In his § 2255 motion, Defendant acknowledges that "the one year has expired," but contends that "in the context of § 2255 the judgment does not become final until the time for filing a certiorari petition expires." [Doc. No. 105, at 10]. However, a petitioner is only given the additional time for filing a certiorari petition if they filed a direct appeal, which Defendant did not do. *Prows*, 448 F.3d at 1227-28. Further, Defendant does not allege—

and the Court does not find—any circumstances suggesting the applicability of the alternative commencement dates found in § 2255(f)(2), (3), or (4). Defendant also fails to provide any circumstances or argument that equitable tolling should render his § 2255 motion timely.

Because Defendant has failed to provide a basis for equitable tolling or any other relief that would render Defendant's § 2255 motion timely, the Court finds that the present motion is time-barred and must be dismissed. Because the existing record shows Defendant is not entitled to relief, no evidentiary hearing is needed. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255(b).

For these reasons, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 105] is **DISMISSED** as **UNTIMELY**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, where a claim is dismissed on procedural grounds without reaching the merits, a petitioner must also show "jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the

Court finds this standard is not met in this case. Therefore, a COA is **DENIED**, and the

denial shall be included in the judgment.

    **IT IS SO ORDERED** this 28th day of April, 2026.

                                       TIMOTHY D. DeGIUSTI
                                       UNITED STATES DISTRICT JUDGE